(117 So. 606)

## RODEN v. STATE.　(8 Div. 624.)

Court of Appeals of Alabama.　June 30, 1928.

Street, Bradford & Street, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The first count of the indictment charged the defendant with the unlawful manufacture of whisky. The other two counts charged the unlawful possession of a still. The court gave the affirmative charge for the defendant as to the first count, and the verdict of the jury was general. The verdict will be referred to the second and third counts charging the unlawful possession of a still.

In selecting the jury to try defendant, the clerk furnished a list of what was thought to be 25 names, numbered from 1 to 25, both inclusive. When the defendant had stricken 8 names and the state 5, it was discovered that there were only 11 names left, and that in making the list the number "17" had been inadvertently omitted. Upon discovery of the error and the defendant declining to be put to trial with 11 jurors, the court dismissed the 11 jurors and ordered a new list to be made up from which the jury to try the case should be selected. This new list contained the names of the first lists and in addition the names of 12 jurors who had been on another panel engaged in the trial of a case when the first list was prepared, but who had now completed that service. All of the jurors on the second list were regular jurors for the week of court at which the case was tried.

The attempt to select the jury to try defendant was found to be erroneous. It was therefore the duty of the court to set it aside and to then proceed to select a jury as required by law. This the court did in accordance with section 8641 of the Code of 1923. Under the rulings of the court, the defendant obtained a jury in the manner and form provided by law, and cannot complain.

Refused charge 1 is a correct statement of the law, but this charge was covered in given charge 3.

Refused charge 2 is misleading, and refused charge 3 is not predicated upon a consideration of the entire evidence.

There is no error in the record, and the judgment is affirmed.

Affirmed.